UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SONJI MATTHEWS,

                Plaintiff,

      -against-

ACS N. POWLEN, ACS-DLS LALETA
CARTWRIGHT, ANNE BELOX and SANDRA
SCHPOON,[1]

                Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

08 cv 698 (RJD)(LB)

DEARIE, Chief Judge.

Plaintiff Sonji Matthews, pro se, alleges that Noah Powlen, an attorney employed by the Family Court Legal Services division of the Administration for Children's Services ("ACS"), violated her civil rights in the course of child neglect proceedings against her. Defendant moves to dismiss plaintiff's complaint. For the following reasons, defendant's motion is granted.

## BACKGROUND

The facts of this case—such as the Court is able to discern them from plaintiff's often truncated, piecemeal submissions—reveal a haunting glimpse into the lives of Christina and Melissa Matthews, plaintiff's daughters. (See Compl. ¶ 6, Decl. of Lesley Berson, Apr. 23, 2009 (hereinafter "Berson Decl.," Ex. A (the Court will refer to defendant's numbered complaint).) In her complaint, plaintiff alleges that ACS and its employees mentally and physically abused her children. (See, e.g., Compl. ¶ 8.) She claims that her daughter Christina was placed in the foster care of an "unmarried girlfriend and boyfriend with 3 babies in diaper[s]," who left Christina

---

[1] Noah Powlen is the only remaining defendant in this action. (See Dkt. Nos. 7, 10, 13 & 34.)

alone in an apartment to babysit for their children and eventually abandoned her on the street at 5:30 a.m., on an unspecified date. (Id. ¶¶ 8-9, 23.) On November 24, 2007, ACS also removed Melissa Matthews from plaintiff's home, allegedly without informing plaintiff of the grounds for this action, then allegedly lost the child several days later. (Id. ¶¶ 11-15.)

Plaintiff's allegations against defendant Powlen appear in ¶¶ 16-25 of the complaint. She charges that Powlen harassed her children for several years, physically abused the children (including giving them "shots"), illegally removed them and abandoned them "on the street." (Id. ¶¶ 16-17, 23.) According to the complaint, Powlen also attempted to have plaintiff evicted from her apartment, purportedly without just cause. (Id. ¶ 18, 24.) In her response to defendant's motion to dismiss plaintiff states that Powlen "put out a warrant on [her] daughter Melissa," and that Melissa, now 17 years old, must hide at a friend's house to avoid placement in foster care. (Pl.'s Opp'n, "Part 3.")[2] Plaintiff seeks "900,000 million" dollars in monetary damages. (Id. ¶ 9.)

Defendant moves to dismiss on the ground that he is absolutely immune from suit because his actions were entirely within the scope of his duties as an attorney for ACS. Alternatively, he argues that plaintiff's complaint fails to state a claim. In support of his motion, defendant attaches judicial documents chronicling the neglect proceedings against plaintiff that

---

[2]On August 6, 2009, plaintiff filed approximately 8 pages of handwritten notes, the contents of which are unresponsive to defendant's legal arguments for dismissal of this action. Plaintiff divided her handwritten narrative into seven "Parts." She also attached certain documents to her submission, including: (1) several photographs of her daughter, Melissa (2) plaintiff's own discharge record from Metropolitan Hospital Center, dated July 19, 2009; and (3) a letter from attorney Rhonda R. Weir to plaintiff, dated July 28, 2009, seeking information on Melissa's location and informing plaintiff that "the court [had] re-issued a warrant for Melissa to be produced in court." (See Dkt. No. 38.)

led to the removal of Melissa Matthews from her care. (See Berson Decl., Ex. B-H.)[3] On January 19, 2006, ACS brought a neglect petition against plaintiff pursuant to Article 10 of the Family Court Act, citing educational neglect and failure to provide adequate shelter. (See id., Ex. B, Addendum I.) See Fam. Ct. Act §§ 1012(f)(i)(A) (defining "neglected child"); 1031 (grounds for filing neglect petition). According to the neglect petition, school officials had informed ACS that Melissa Matthews (13 years old at the time) had missed 70 days of school that year. Sharon Charles, the Child Protective Specialist ("CPS") who drafted the petition, also observed plaintiff's home on several occasions prior to the initiation of neglect proceedings, finding the apartment had "bags of dirty clothes, bags of garbage piled in the kitchen, roaches and flies covering the walls, and . . . was filled with a foul odor." (Id.) In response to the petition, the Family Court ordered ACS to ask the Department of Health to visit plaintiff's building and inspect for a roach infestation. (See id., Ex. C.)

Defendant Powlen represented ACS in the proceedings against plaintiff after CPS Charles filed the neglect petition. Powlen appeared for ACS at the fact-finding hearing, the next stage in neglect proceedings under the Family Court Act. See Fam. Ct. Act §§ 1044, 1046(b), 1051. Plaintiff did not appear. (See Berson Decl., Ex. D (Order of Fact-Finding, dated May 31, 2007).) The Family Court found Melissa Matthews neglected within the meaning of § 1012(f)(i)(A) of the Family Court Act. (Id.) After a fact-finding hearing, the Family Court conducts a dispositional hearing "to determine what order of disposition should be made." Fam. Ct. Act § 1045. In plaintiff's case, the Family Court released Melissa to plaintiff, but ordered ACS to

---

[3]The Court takes judicial notice of Exhibits B-H. See Fed. R. Civ. P. 10(c); Chambers v. Time Warner, Inc., 282 F.3d 147, 152-56 (2d Cir. 2002).

3

supervise the child and to provide a cleaning service to plaintiff; plaintiff was ordered to ensure that Melissa regularly attended school. (See Berson Decl., Ex. E (Order of Disposition, dated Aug. 15, 2007).) Despite the Order of Disposition, plaintiff repeatedly barred ACS from entering her home to clean. (See id., Ex. F, G (Family Court orders, dated September 7 & 17, 2007, directing plaintiff to allow ACS workers to enter her home).) Defendant states that as a result of plaintiff's refusal to comply with the Order of Disposition and subsequent court orders, he filed an order to show cause seeking removal of Melissa to ACS custody. (See id., Ex. H (Removal Order).) The Family Court issued the order to show cause on November 20, 2007. (Id.)

## DISCUSSION

### I.  Legal Standard

In deciding a motion to dismiss a complaint pursuant to Rule 12(b)(6), the district court must accept the material allegations in the complaint as true. See Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007); Leather v. Eyck, 180 F.3d 420, 423 (2d Cir. 1999). In order to survive a motion to dismiss, plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 556.

Where, as here, a plaintiff appears pro se, the Court construes the complaint liberally. See, e.g., Weixel v. Bd. of Educ. of the City of N.Y., 287 F.3d 138, 145-46 (2d Cir. 2002). "This is particularly so when the pro se plaintiff alleges that her civil rights have been violated. Accordingly, the dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir.

2008) (internal citations and quotation marks omitted).

## II. Plaintiff's Complaint

The Court is without power to assist the two true victims in this matter: Christina and Melissa Matthews. Plaintiff's complaint raises grave concern as to the health, education and current whereabouts of these children. The complaint does not, however, assert any cognizable claim against Noah Powlen, who would, in any event, be immune from suit for his actions as an ACS attorney. See Walden v. Wishengrad, 745 F.3d 149, 152 (2d Cir. 1984) (absolute immunity applies to attorneys representing children's services agencies in neglect proceedings); see also Cornejo v. Bell et al., No. 04-0341, 2008 U.S. Dist. Lexis 89597, at *47-48 (E.D.N.Y. May 16, 2008) (ACS attorneys accorded absolute immunity from allegations of abuse of process). Immunity extends to all acts "closely associated with the conduct of litigation." Id. at *47 (citing Barrett v. U.S., 798 F.2d 565, 571-72 (2d Cir. 1986)). "Numerous cases have applied this holding, demonstrating the wide range of extreme prosecutorial actions covered by absolute immunity." Id.

To the extent she alleges that defendant committed acts of physical abuse, kidnaping and harassment, plaintiff has not adduced sufficient factual support for these patently outrageous claims. See Twombly, 550 U.S. at 556. The same is true of plaintiff's allegation that defendant conspired with her landlord to have her evicted. See Compl. ¶¶ 18, 23. Perhaps most troubling, nowhere in her incoherent pleas for help does plaintiff enlighten the Court as to the fate of her daughter Christina, whose name is absent from both defendant's motion papers and plaintiff's response. In this unfortunate case, plaintiff's own woeful misunderstanding of the administrative process that has enveloped her cannot justify her outlandish claims against ACS and its

5

representatives.

In short, with respect to defendant's alleged acts potentially falling outside the scope of his absolute immunity, the Court finds the substance of plaintiff's claims facially frivolous, such that amendment of her complaint could not conceivably cure their deficiency. See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citing Moorish Sci. Temple of Am., Inc. v. Smith, 693 F.2d 987, 990 (2d Cir. 1982)).

## CONCLUSION

Defendant's motion to dismiss is granted and plaintiff's complaint is dismissed with prejudice. The Court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
October 30, 2009

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge